The opinion of the Court was delivered by
O’Neall, J.
Two legal questions have been argued in this case. 1st. Is the complainant precluded from setting up the fraud in the sale of the land, by the recovery had against him, by the present defendant, in the action of trespass to try title ? 2d. Is he barred by the statute of limitations?
1. I cannot think, with the Chancellor, that the discovery of parol evidence, since the trial of the case at law, would be any ground for relief against the judgment. It is no ground for a new trial, and I apprehend it would be still more difficult to show why it would be a ground to authorize the Court of Equity to interfere. Neither am I satisfied that the defendant could not, at law, have made the defence, which is now the ground of his relief in this Court. In the case of Keenan vs. Pearson, (a) a defence, that the sale of land made by the She *204 riff, was fraudulent, was sustained, and defeated the purchaser’s title in an action at law. But over many matters of fraud, the Courts .of Law and Equity exercise a concurrent jurisdiction. And when a purchase is to be set aside, and the parties to be placed in statu quo, Equity can alone discharge this duty. In this case, the sale is sought to be set aside for fraud, and in doing so, the purchaser ought to be refunded his purchase money, or have the credit on the execution vacated. Both of these objects could not be accomplished by the defence, in an action at Law. Some other and further legal proceedings might possibly have accomplished it. But as the remedy in Equity is more convenient, and as the jurisdiction of the Court over this class of cases is unquestionable, I think the recovery at Law cannot conclude the complainant.
2. The statute of limitations commences to run against a fraud, from the time it is .discovered. The time within which the statutory bar against a fraud is complete, must be governed by the nature of the claim against which it is set up. If it is for the enforcement of a parol contract, or the recovery of personal property, the time within which the statute has directed that actions of assumpsit, trover, or detinue shall he brought, is the rule in Equity. If it is for the recovery of land, then the time limited for the commencement of actions at Law, for its recovery, is the time within which a bill in Equity, to be relieved from a fraud defeating the complainant’s title, must be filed. The sale, in this case, was made in 1822, and the fraud, if any, was then consummated. In 1824, (b) the statute of limitations as to land, was extended to ten years. The complainant, not being barred at the time the statute was extended, was entitled to the benefit of its extension, and could, at any time within ten years of the sale, have brought this suit.
Upon the facts, the Chancellor’s decision cannot be disturbed. The evidence of fraud was very slight, and I should have been better satisfied if he had dismissed the bill; but as he was *205 satisfied that the evidence warranted him in decreeing that the sale should be set aside, and as there is some evidence which sustains his conclusion, his decree must be affirmed, and it is so ordered.
Johnson, J., concurred.

Decree affirmed.

 In note, 5 Rich., 549.

 6 Stat., 238.